UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RITA FAULK | CIVIL ACTION NO. 6:20-cv-00638 |
| VERSUS | JUDGE JUNEAU |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before the Court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the parties' briefs, and the applicable law, it is recommended that the Commissioner's decision should be affirmed.

## Administrative Proceedings

Rita Faulk fully exhausted her administrative remedies before initiating this lawsuit. She filed an application for disability insurance benefits, alleging disability beginning on January 1, 2017,[1] which was denied.[2] She then requested a hearing, which was held in May 2019 before Administrative Law Judge Angelita Hamilton.[3] A supplemental hearing was held in September 2019, before the same ALJ.[4] The

---

[1]  Rec. Doc. 12-1 at 173.

[2]  Rec. Doc. 12-2 at 85.

[3]  Rec. Doc. 12-1 at 44-63.

[4]  Rec. Doc. 12-1 at 67-76.

ALJ issued a decision in November 2019, concluding that Ms. Faulk was not disabled from January 1, 2017 through the date of the decision.[5] Ms. Faulk asked the Appeals Council to review the ALJ's decision, but the Appeals Council found no basis for review.[6] Therefore, the ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review.[7] Ms. Faulk then filed this lawsuit, seeking judicial review of the Commissioner's decision.

## Summary of Pertinent Facts

Ms. Faulk was born on June 30, 1957[8] and was 62 years old at the time of the ALJ's decision. She completed high school[9] and has relevant work experience as an administrative assistant and retail sales clerk.[10] She claimed that she became disabled on January 1, 2017 due to problems with her right foot and ankle.[11] At both hearings, she testified that she was working two part-time jobs.[12] She now seeks reversal of the Commissioner's adverse ruling.

---

[5]   Rec. Doc. 12-1 at 36.

[6]   Rec. Doc. 12-1 at 5.

[7]   *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005).

[8]   Rec. Doc. 12-1 at 77.

[9]   Rec. Doc. 12-1 at 55, 73, 225.

[10]  Rec. Doc. 12-1 at 232, 274-275, 279, 293.

[11]  Rec. Doc. 12-1 at 48-51, 69, 77, 224.

[12]  Rec. Doc. 12-1 at 51-54, 69-71.

2

## Analysis

**A.    Standard of Review**

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the proper legal standards were used in evaluating the evidence.[13]

**B.    Entitlement to Benefits**

The Disability Insurance Benefit program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[14] A person is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[15] A claimant is disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which

---

[13]    *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[14]    See 42 U.S.C. § 423(a). See, also, *Smith v. Berryhill*, 139 S.Ct. 1865, 1772 (2019).

[15]    42 U.S.C. § 1382c(a)(3)(A).

the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[16]

## C. Evaluation Process and Burden of Proof

The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled, which considers whether the claimant (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment enumerated in the relevant regulations; (4) is able to do the kind of work he did in the past; and (5) can perform any other work.[17] The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof at the fifth step.[18] If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[19]

## D. The ALJ's Findings and Conclusions

In this case, the ALJ determined, at step one, that the claimant engaged in substantial gainful activity after the alleged disability onset date and consequently

---

[16] 42 U.S.C. § 1382c(a)(3)(B).

[17] 20 C.F.R. § 404.1520; *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).

[18] *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016); *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

[19] 20 C.F.R. § 404.1520(a)(4); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 914 U.S. 1120 (1995) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

was not disabled.[20] This finding is supported by substantial evidence in the record. Therefore, the ALJ did not proceed past the first step of the analysis.

E.  **The Allegations of Error**

In support of her appeal of the Commissioner's decision, the claimant contended that the ALJ erred in failing to find her disabled due to the allegedly worsening condition of her right foot and ankle, even though she continues to work.

F.  **The ALJ Did Not Err in Finding the Claimant Not Disabled**

Ms. Faulk alleged that she became disabled on January 1, 2017. However, at the time of both hearings, in May and September 2019, Ms. Faulk was still working. She testified that she was working two part-time jobs, as a sales associate at a J.C. Penney department store and also as a sales associate at a CVS pharmacy. She testified that she worked approximately four to six hours per day.

Under the Social Security regulations, a person is disabled only if a medically determined impairment makes her "unable to engage in any substantial gainful activity."[21] That means that a person is disabled, for Social Security purposes, only if she is both unable to do her past work and also is unable to do any other kind of work that would result in her earning more than a certain monthly amount set by the Social Security Administration. In 2017, that amount was $1,170 per month; in

---

[20]  Rec. Doc. 12-1 at 35.

[21]  42 U.S.C. § 1382c(a)(3)(A).

2018, it was $1,180 per month; and in 2019, it was $1,220 per month.[22] Ms. Faulk's earning records show that she was paid $17,500.14 in 2017 (or $1,458.34 per month); $18,512.06 in 2018 (or $1,542.67 per month); and $4,706.00 in the first quarter of 2019 (or $1,568.67 per month).[23] Substantial evidence in the record therefore establishes that Ms. Faulk engaged in substantial gainful activity after her alleged disability onset date. Accordingly, she did not meet the definition of the word "disabled" that is used in determining eligibility for Social Security disability benefits, and the ALJ's step one finding was not erroneous.

It is unfortunate that, at both hearings, the ALJ incorrectly informed Ms. Faulk that she would be issuing a favorable ruling. At the conclusion of the first hearing, the ALJ said "this case is fully favorable."[24] Although the ALJ noted, at the second hearing, that Ms. Fault earned over the substantial gainful activity level in 2017 and 2018,[25] she also said that she calculated Ms. Faulk's pay and found that she was earning less than the substantial gainful activity level.[26] At the conclusion of the

---

[22] Social Security Administration, https://www.ssa.gov/oact/cola/sga.html (last visited Feb. 26, 2021).

[23] Rec. Doc. 12-1 at 201, 206.

[24] Rec. Doc. 12-1 at 63.

[25] Rec. Doc. 12-1 at 71.

[26] Rec. Doc. 12-1 at 71.

second hearing, the ALJ also told Ms. Faulk that "this case is fully favorable."[27] Anyone in Ms. Faulk's position would have understood the ALJ to mean that she would be receiving benefits, and this Court understands why Ms. Faulk argued that the ALJ twice ruled in her favor.

But the ALJ's comments at the hearings did not constitute her ruling. The ruling was embodied in the written decision issued on November 7, 2019. That ruling, which found at step one of the sequential analysis that Ms. Faulk was not disabled, was based on substantial evidence in the record and the application of the proper legal standards. Although the ALJ should have taken greater care with her comments at the hearings to avoid confusing the claimant regarding her entitlement to benefits, the ALJ did not err in reaching the conclusion that Ms. Faulk was not disabled between January 1, 2017 and the date the ruling was issued. Therefore, the Commissioner's decision should be affirmed.

## Conclusion and Recommendation

IT IS THE RECOMMENDATION of this Court that the decision of the Commissioner should be AFFIRMED and this matter should be dismissed with prejudice.

---

[27] Rec. Doc. 12-1 at 75.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[28]

Signed in Lafayette, Louisiana, this 1st day of March 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[28] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).